FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

97 AUG 22 AM 9:58

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CHARLES R. SMITHEY, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV96-H-2395-NE |
| GENERAL NUTRITION, INC., a corporation, d/b/a General Nutrition Center, | ) ) | |
| DEFENDANTS. | ) | |

ENTERED

AUG 22 1997

## MEMORANDUM OF DECISION

Plaintiff Charles R. Smithey, commenced this action on September 12, 1996 by filing a complaint in this court alleging that defendant General Nutrition Corporation ("GNC"): (1) discriminated against him based on his sex in violation of Title VII, 42 U.S.C. § 2000e et seq.; (2) harassed and discriminated against him due to his weight problem and learning disability in violation of the Americans With Disabilities Act; and (3) was negligent or wanton in its failure to prevent this discrimination.  Since the beginning of this case plaintiff has been represented by an attorney, but there have been no filings or appearances on his behalf since the filing of the Parties Planning Meeting Report on November 19, 1996.

On May 20, 1997 defendant filed a motion seeking to compel responses to interrogatories and request for production that was served on plaintiff on **December 10, 1996** due to plaintiff's total failure to respond after six months.[1] After receiving no response from plaintiff, the court granted defendant's motion to

---

[1] According to the exhibits to defendant's motion to compel, defendant's counsel sent a letter to plaintiff's counsel on three separate occasions requesting responses to the outstanding discovery requests prior to filing the motion to compel.  See Motion to Compel.

17

compel and ordered plaintiff to serve full and complete answers to the interrogatories as well as produce the documents requested by June 20, 1997.  See June 6, 1997 Order.

Defendant filed a motion for summary judgment and for sanctions on July 10, 1997 in which it states that as of the date of the motion plaintiff had failed to comply with the court's June 6, 1997 order requiring response to outstanding discovery requests.  On August 5, 1997 the court entered an order acknowledging plaintiff's blatant refusal to comply with the court's June 6, 1997 order directing responses to the discovery requests by defendant, and expressing the court's intention to impose a $1000.00 sanction again plaintiff due his past failure to comply, as well as its intention to dismiss this action with prejudice as a further sanction if plaintiff continued to remain in noncompliance with the court's order directing response to the discovery requests, **unless** the plaintiff showed cause why these sanctions should not be imposed by August 14, 1997.

Despite the entry of an order clearly demonstrating that the court was treating plaintiff's total failure to explain his noncompliance as proof that such omissions were of a willful nature, plaintiff submitted no response to the order.  Likewise, in the face of an unequivocal expression by this court of its intention to sanction plaintiff for such willful noncompliance to the full extent provided by Rule 37, plaintiff offered no reasons why the monetary sanction and/or the dismissal with prejudice of this action would be inappropriate.

Pursuant to Federal Rule of Civil Procedure 37(b)(2), the court will impose a sanction of $1,000 against plaintiff

Charles R. Smithey and will dismiss this action with prejudice. A separate order and judgment will be entered.

DONE this the _22nd_ day of August, 1997.

_____
SENIOR UNITED STATES DISTRICT JUDGE